IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIM S. WESTBERG and LAVERNE V. WESTBERG, husband and wife, | FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES |
| Plaintiffs, | |
| vs. | Case No. 1:09-cv-01690 |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for and on behalf of SILVER STATE BANK; and MULTIBANK 2009-1 RES-ADC VENTURE, LLC, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

### NATURE OF ACTION

1.      This is an action arising under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA").  The Federal Deposit Insurance Corporation ("FDIC"), as receiver for Silver State Bank, exercised its purported statutory right to repudiate a construction loan extended by Silver State Bank to Plaintiffs.  Plaintiffs filed this action seeking a declaration that, consistent with such repudiation, Plaintiffs were released and discharged from any and all obligations under the construction loan and are entitled to recover damages for the repudiation.  During the course of this litigation, the FDIC sold the loan to MULTIBANK 2009-1 RES-ADC VENTURE, LLC ("MULTIBANK").  Plaintiffs now file this First Amended Complaint to join MULTIBANK as a defendant on the declaratory judgment claim.

## THE PARTIES

2.      Plaintiffs Kim S. Westberg and LaVerne V. Westberg are husband and wife and residents of Maricopa County, Arizona.  Plaintiffs' shared address is 2829 East Fruitvale Avenue, Gilbert, Arizona 85297.

3.      The FDIC is a government corporation organized pursuant to 12 U.S.C. § 1811 and is the duly appointed and serving receiver for Silver State Bank. *See* Summary Order for Revocation of Charter and Appointment of FDIC as Receiver/Liquidator, Exhibit 1 hereto.

4.      MULTIBANK is a Delaware limited liability company.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 12 U.S.C. §§ 1821(d)(6) and (e), 1331 and 1332.

6.      Venue is proper in this Court pursuant to 12 U.S.C. § 1821(d)(6)(A)(ii).

## FACTUAL BASIS FOR CLAIMS

7.      The Westbergs are the owners of certain real property located in Maricopa County, Arizona, legally described as follows:

> Lot 86 of Weston Ranch, according to the plat of record in the Office of the County Recorder of Maricopa County, Arizona, Recorded in Book 766 of Maps, page 15, and thereafter amended plat recorded in Book 802 of Maps, page 50

and more commonly referred to as 2829 East Fruitvale Avenue, Gilbert, Arizona 85297 (the "Property").

8.      In or around May of 2008, the Westbergs obtained a residential construction loan through Silver State Bank, loan number 163848, in the principal amount of One Million Three Hundred Eighteen Thousand and 00/100 Dollars ($1,318,000.00) for purposes of constructing a home on the Property (the "Loan").

9.      The Loan was memorialized in three contemporaneously executed documents: (1) a Residential Construction Loan Agreement, dated May 20, 2008 (the "Agreement"); (2) a Promissory Note, dated May 20, 2008, in the amount of One Million Three Hundred Eighteen Thousand and 00/100 Dollars ($1,318,000.00) (the "Note"); and (3) a Deed of Trust, recorded on May 28, 2009, with the Maricopa County Recorder's Office at No. 2008-0469788 (the "Deed of Trust") securing payment of the Note by creating a lien against the Property (the Agreement, Note, and Deed of Trust shall collectively be referred to as the "Loan Documents," copies of which are attached hereto as Exhibits 2, 3 and 4, respectively).

10.     The Loan Documents constituted an integrated agreement, as evidenced by the fact that the Agreement and the Note contained the same loan date, maturity date, and loan number, and the Loan Documents evidenced the same principal amount between the same borrowers and lender.

11.     The Agreement further provided, in part:  "This Agreement is executed contemporaneously with the Deed of Trust and the Note, the terms of which are incorporated herein by this reference.  All the provisions of this Agreement shall control over any absent or inconsistent provision in the Note or Deed of Trust during the period of construction.  Any default hereunder shall be a default in the Note."

12.     In reliance on the Loan Documents, Kim Westberg, a licensed residential contractor with the State of Arizona, License No. 179486, commenced construction of a home at the Property.

13.     Silver State Bank paid out the first draw request in compliance with the Agreement in the amount of $171,510.95, which the Westbergs used to pay outstanding invoices for labor and materials in connection with the construction of the home.

14.     In or around September of 2008, Plaintiffs submitted a second draw consent form and signed contractor's affidavit in accordance with the Agreement requesting that Silver State Bank disburse an additional $280,432.46 of the Loan.  Silver State Bank refused to pay the second draw request, or any subsequent amounts of the Loan.

15.     By letter dated September 5, 2008, the Westbergs were notified by the FDIC that Silver State Bank had been closed by the Nevada Financial Institution's Division and that the FDIC was appointed as receiver.

16.     As of September 5, 2008, Plaintiffs had fully complied with all obligations under the terms of the Loan Documents, and have continued to make monthly payments pursuant to the terms of the Loan Documents.

17.     By letter dated April 21, 2009, the FDIC notified the Westbergs that the FDIC, as receiver for Silver State Bank, and pursuant to 12 U.S.C. § 1821(e), had elected to repudiate the Agreement.  *See* FDIC Repudiation Letter, Exhibit. 5 hereto.

18.     The Westbergs, in turn, timely submitted a proof of claim in writing, supported by proof thereof, to the FDIC based upon the FDIC's decision to repudiate the Agreement. *See* Proof of Claim, Exhibit 6 hereto.

19.     By letter dated July 6, 2009, the FDIC sent the Westbergs a Notice of Disallowance of Claim, and advised them they had 60 days to file a lawsuit. *See* Notice of Disallowance of Claim, Exhibit 7 hereto.

20.     Despite its repudiation of the Agreement, the FDIC demanded that the Westbergs pay back all funds disbursed in accordance with the Loan Documents.  The FDIC, as receiver for Silver State Bank, has issued a "Loan Payoff Statement" to the Westbergs requesting payment totaling $216,482.16 as of 9/11/2009, including a "prepayment penalty" of

$43,658.70.  Despite its repudiation of the Agreement, the FDIC has failed to release the Deed of Trust recorded against the Westbergs' Property.

21.     The Westbergs were unable to procure replacement financing based upon the recording of the Deed of Trust, which precluded any subsequent lender from obtaining a first position lien against the Property.

22.     The Westbergs were forced to liquidate assets to pay for the completion of the construction of the home on the Property.

23.     After the filing of the action, on or about February 9, 2010, the FDIC sold the Loan to MULTIBANK, which similarly has demanded the Plaintiffs perform under the repudiated Loan Documents.  *See* Loan Contribution and Sale Agreement, Exhibit 8 hereto.

24.     Upon information and belief, the FDIC holds a majority membership interest in MULTIBANK.

25.     On information and belief, MULTIBANK has expressly consented to the jurisdiction of this Court in connection with any suit that may arise in connection with its acquisition of the Loan from FDIC.

26.     The Westbergs have continued to make monthly payments under the Loan Documents to prevent the exercise of foreclosure rights under the Deed of Trust.

### CLAIMS

### Count I for Declaratory Judgment (Against FDIC and MULTIBANK)

27.     The preceding allegations are hereby incorporated as if fully set forth herein.

28.     Plaintiffs are entitled to a declaration that the FDIC's repudiation of the Agreement released and discharged Plaintiffs from any and all obligations under the Note and Deed of Trust as well.  The Agreement, Note and Deed of Trust constitute a single integrated

agreement, as evidenced by their common purpose, contemporaneous execution and internal cross-references to one another.  By repudiating the Agreement, the FDIC repudiated the entire integrated agreement, including the Loan and Deed of Trust.  The FDIC's right of repudiation under FIRREA does not permit it to reject the burdens of bi-lateral agreement (*i.e.*, the loan funding obligation) while affirming its benefits (*i.e.*, the loan repayment obligation).   A bilateral agreement must either be repudiated or affirmed in its entirety.  The FDIC may not "cherry pick" certain burdensome obligations for repudiation, while leaving intact the remainder of the agreement favorable to it.  Because the FDIC effectively repudiated the Deed of Trust as well, Plaintiffs are also entitled to a declaration that the lien against the Property created by the Deed of Trust is null and void and no longer constitutes a valid encumbrance against the Property.  Because MULTIBANK has no greater rights than the FDIC from which it acquired the Loan, Plaintiffs are entitled to the same declaration as to MULTIBANK.

## Count II for Damages (Against FDIC)

29.     The preceding allegations are hereby incorporated as if fully set forth herein.

30.     Plaintiffs have suffered actual, direct compensatory damages in an amount to be proven at trial which they are entitled to recover.

## RELIEF REQUESTED

Wherefore, Plaintiffs respectfully pray for the following relief:

1.     For a declaration consistent with Count 1;

2.     For an award of damages in an amount to be determined at trial;

2.     For an award of their costs and reasonable attorneys' fees to the extent recoverable under applicable law; and

3.     For such other and further relief as the Court may deem just and proper.

Dated:  July 15, 2010

Respectfully submitted,

Christopher A. LaVoy, Esq. (AZ Bar No. 016609)
(admitted *pro hac vice*)
LAVOY & CHERNOFF, PC
201 North Central Avenue, Suite 3300
Phoenix, Arizona 85004
(602) 253-3330
(602) 253-3389 (fax)
cal@lavoychernoff.com


  /s/ Derek Shaffer
Derek Shaffer (D.C. Bar No. 478775)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dshaffer@cooperkirk.com

Attorneys for Plaintiffs